**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  1:19-cv-02871-SKC

ETHEL SUSANNE HALTER,

     Plaintiff,

v.

WELD COUNTY SHERIFF'S OFFICE,
DOES 1 – X INFINATE,
ROES 1 – X INFINATE,

     Defendant(s).

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

---

 Defendant Weld County Sheriff's Office, by and through undersigned counsel, Cathy Havener Greer and Katherine M.L. Pratt of Wells, Anderson & Race, LLC, hereby files its Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), and states as follows:

**CERTIFICATION PURSUANT TO D.C.COLO.LCivR. 7.1(a)**

 There is no duty to confer prior to filing a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION AND PROCEDURAL BACKGROUND**

**A. Procedural Background**

 Defendant removed this case to federal court based on federal question on October 8, 2019. (*See* ECF No. 1).  At the time of removal, Plaintiff had filed both an original and an amended

complaint in state court.  (*See* ECF Nos. 2 and 3).  Accordingly, Defendant's original motion to dismiss was directed toward the then-operative pleading—plaintiff's amended complaint. Defendant filed its Motion to Dismiss on October 29, 2019.  (*See* ECF No. 16).  Also on October 29th, Defendant filed a Motion to Stay Discovery and Vacate the Scheduling Conference.  (*See* ECF No. 17).  Later that day, Plaintiff filed her second Amended Complaint without leave of court and without a written agreement by the Defendant.  (*See* ECF No. 18).  Although she added a variety of incendiary allegations as well as attempting to add a new party—Weld County— Plaintiff's Amended Complaint does not cure the problems identified in Defendant's original Motion to Dismiss.

**B.     Introduction**

This civil action arises from events which apparently began with Plaintiff's September 7, 2017, 911 call regarding her husband whom she alleges she found unresponsive in their home. Plaintiff alleges that various unidentified Weld County Sheriff's deputies then arrived at her home along with emergency responders, ushered her outside while they worked to revive her husband, but were unable to do so.  Next, Plaintiff alleges that "officers" asked to search her home, which she declined, but that they obtained a search warrant and performed a search of the premises.  (*See* ECF No. 2, ¶ 1).  In Plaintiff's first Amended Complaint, there is no mention of a search warrant. (*See* ECF No. 3).  However, in her most recent second Amended Complaint, Plaintiff alleges that an unidentified man approach her while she was being "unlawfully held against her will outside and pointed to a man who was approaching her house and said they just got a search warrant and asked her if she was sure she didn't want to give her permission to search her home.  She did not give them consent that time either and Ms. Halter was never handed a search warrant."  (ECF No.

18, ¶ 15).  Plaintiff next contends that various unidentified individuals brought her husband's body out to the Coroner's vehicle along with a variety of household items, which she contends were being stolen from her.  (ECF No. 18, ¶¶ 18, 21).  Plaintiff alleges that defendants "trashed her house while they were illegally kidnapping her and robbing her on September 7, 2017," and damaged various portions of her home, personal property, and allegedly stole her vehicle.  (ECF No. 18, ¶ 22).  Plaintiff alleges that unidentified defendants "continue to surveil the Plaintiff even going so far as to move in next door and to get her neighbors to spy on her and to harass her."  (ECF No. 18, ¶ 23).  Incredibly, Plaintiff alleges that the "Defendants continue to intimidate Ms. Halter having her believe that she must move out of state or be killed.  The Defendants sexually abused, physically assaulted, and attempted to kill the Plaintiff more than once."  (ECF No. 18, ¶ 24).

Regarding Weld County, Plaintiff contended in her first amended complaint that the "acts or omissions of each Defendant, including the unconstitutional policy, procedure, custom, and/or practice described herein, were the legal and proximate cause of Ms. Halter's injuries, losses, and damages."  (ECF No. 2, ¶ 20).  Plaintiff now alleges in her second amended complaint that the unidentified individual defendants' "acts or omissions … including the unconstitutional policy, procedure, custom and/or practice described herein, were the legal and proximate cause of Ms. Halter's injuries, losses, and damages."  (ECF No. 18, ¶ 43).  She further alleges that what various unidentified officers "did is shocking and unconstitutional, it is their policy to steal, lie, harass, intimidate, entrap, and other misconduct."  (ECF No. 18, ¶ 44).  Plaintiff also alleges that the Defendants collectively "allowed National Security Administration to tap internet traffic, cellular calls, cellular texts, and Plaintiffs home without a warrant.  They continue to deprive Ms. Halter

of her Fourth Amended Rights of the U.S. Constitution that provides the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, and shall not be violated and no warrants shall issue but upon probabl[e] cause, supported by Oath o[r] affirmation, and particularly describing the place to be searched and the person or things to be seized." (ECF No. 18, ¶ 46).

Based on these vague assertions, Plaintiff contends that her Fourth Amendment right to be free from unlawful searches and seizures (of her property, apparently) have been violated by several unidentified "officers."  She now specifically attempts to add Weld County as a party defendant by simply adding the words "Weld County" to the case caption.  These vague and conclusory allegations, incendiary though many of them are, are not enough to state a facially plausible complaint for relief under the Fourth Amendment of the United States Constitution. Accordingly, the Court should dismiss Plaintiff's complaint with prejudice.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("*Iqbal*") (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*.  However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id*.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id*.  More than ten years ago, the United States Supreme Court clarified that "to withstand a Rule 12(b)(6) motion to dismiss, a

complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly* 550 U.S. at 570)).

As the Tenth Circuit has found, even under the federal rules "a complaint still must contain either direct or inference allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alterations omitted). To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] [ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Wojdacz v. Lewis*, Civil Action No. 15-cv-02083-WJM-KLM, 2018 U.S. Dist. LEXIS 68242, at *11 (D. Colo. Apr. 24, 2018) (quoting *Iqbal*, 556 U.S. at 679 (second brackets added; citation and internal quotation marks omitted)).

"The *Twombly* standard may have greater bite in [qualified immunity] contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity 'at the earliest possible stage of a litigation.'" *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008) (quoting *Anderson,* 483 U.S. at 646 n.6; *Harlow,* 457 U.S. at 818). "Without allegations sufficient to make clear the 'grounds' on which the plaintiff is entitled to relief, *Twombly,* 127 S. Ct. at 1965 n.3, it would be impossible for the court to perform

its function of determining, at an early stage in the litigation, whether the asserted claim is clearly established." *Id.* In this case, Plaintiff's allegations fall far short of stating a claim for relief and should be dismissed with prejudice.

## ARGUMENT

### I.    Plaintiff's Complaint Fails to Identify Any Defendant Who She Alleges Violated Any Right.

Plaintiff, proceeding *pro se*, appears to be attempting three theories of recovery in this case—an unlawful search of her home and vehicles, an unlawful seizure of certain household property, and an unlawful seizure of her person. Despite the extensive factual allegations set forth in plaintiff's second amended complaint, Plaintiff has not identified any individual employed by the Weld County Sheriff's Office or Weld County in any of her allegations. In *Robbins* the Tenth Circuit made clear that to withstand a motion to dismiss, a plaintiff must plead sufficient facts to "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins*, 519 F.3d at 1250. It is insufficient to broadly claim that the "defendants" or groups of defendants violated one or more of Plaintiff's Constitutional rights.

It is the Plaintiff's burden to provide fair notice to the Defendants as to what she alleges each of them did to allegedly violate her rights. For instance, the Tenth Circuit in *Robbins* cautioned that the use of the collective term "defendants" or even a list of individually named defendants but with "no distinction as to what acts are attributable to whom" made it "impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Robbins*, 519 F.3d at 1250. Later cases are in accord. *See Gray v. University of Colorado Hospital Auth.*, 672 F.3d 909, 921 n.9 (10th Cir. 2012); *VanZandt v. Oklahoma Dep't*

*of Human Servs.*, 276 Fed. Appx. 843, 848-49 (10th Cir. 2008) (unpublished disposition).

Plaintiff's Complaint suffers from this lack of specificity in the extreme. The caption includes the Weld County Sheriff's Office, Weld County, Does 1 – X Infinate [sic], and Roes 1 – X Infinate [sic]. Within the body of the Amended Complaint, the Plaintiff refers to "Defendant Weld County," "Defendant, "Weld County Sheriff's Office," "Paramedics," "Defendants," "two Sheriff Deputies," "a Deputy," "Defendants," "Individual Defendants," and "these Officers." (Am. Compl. ¶¶ 2, 3, 7, 8, 11-24, 30-36, 41-48). Problematically, it is not clear whether the Plaintiff means to use the terms deputies and officers interchangeably. This matters because "deputies" may be wholly different people than "officers" who may well be employed by different public entities. It is not clear whether all of the defendants are employed by the Weld County Sheriff, some other law enforcement agency, or some other public or private entity. The Amended Complaint does not specify the identities of these various "officers" or "deputies." It is also unknown how many individuals are allegedly involved. In the case of the "Paramedics" and it is highly likely that they are not employed by the Weld County Sheriff or Weld County.

Moreover, despite including "Weld County" in the caption and in her second amended complaint. Suit may only be brought against a County through its Board of County Commissioners and any other attempted action is a nullity. *See* Colo. Rev. Stat. § 30-11-105 (providing the exclusive statutory method by which to bring suit against a County in Colorado); *see also Calahan v. Jefferson County*, 429 P.2d 301, 302 (Colo. 1967). Moreover, the Sheriff is a distinct elected position pursuant to the Colorado Constitution, separate and apart from the County. *Bristol v. Bd. of County Commr's*, 312 F.3d 1213, 1219 (10th Cir. 2002), *superseded in part by statute as stated in Tonjes v. Park Cty. Sheriff's Office*, 300 F. Supp. 3d 1308, 1319 (D. Colo. 2018) (discussing

statutory change not relevant to this case requiring sheriffs to adopt personnel policies).  Given the lack of inclusion of any individual names and the extreme grouping of multiple defendants under several overly broad umbrellas, the defendants are unable to begin to evaluate whether any alleged conduct was unlawful or develop a further response.

This is particularly problematic in a case like this in which Plaintiff alleges serious misconduct including Constitutional violations, assault, harassment, and theft.  None of the as-yet unidentified individuals are in a position to assess the potentially applicability of qualified immunity.  When a defendant raises qualified immunity, the burden shifts to the plaintiff to show that a constitutional violation occurred and that the law was clearly established at the time of the alleged violation.  *Id.* (citing *Thomson v. Salt Lake County*, 584 F.3d 1304, 1312 (10th Cir. 2009)).  "'[C]learly established law' should not be defined 'at a high level of generality.'"  *White v. Pauly*, 137 S.Ct. 548, 552 (Jan. 9, 2017).  "[T]he clearly established law must be 'particularized' to the facts of the case."  *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  In other words, "the unlawfulness must be apparent" in light of "pre-existing law."  *Id.*

Plaintiff's complaint is conclusory and does not identify who allegedly did what to violate her rights.  Accordingly, any individual defendant reserves the right to assert qualified immunity at any later stage of these proceedings.

## II.     There is No Basis for a Claim for Municipal Liability Set Forth in the Complaint.

Plaintiff also includes three allegations which may suggest she may be attempting a municipal liability theory in this case.  In paragraph 44, plaintiff alleges that the defendants engaged in "acts or omissions … including the unconstitutional policy, procedure, custom and/or practice described herein, were the legal and proximate cause of Ms. Halter's injuries, losses, and

damages." (ECF No. 18, ¶ 43). She further alleges that what various unidentified officers "did is shocking and unconstitutional, it is their policy to steal, lie, harass, intimidate, entrap, and other misconduct." (ECF No. 18, ¶ 44). Plaintiff next alleges that the Defendants collectively "allowed National Security Administration to tap internet traffic, cellular calls, cellular texts, and Plaintiffs home without a warrant. They continue to deprive Ms. Halter of her Fourth Amended Rights of the U.S. Constitution that provides the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, and shall not be violated and no warrants shall issue but upon probabl[e] cause, supported by Oath o[r] affirmation, and particularly describing the place to be searched and the person or things to be seized." (ECF No. 18, ¶ 46). These allegations are insufficiently concrete to make out a claim for municipal liability. They are wholly conclusory and do nothing to illuminate what the allegedly unconstitutional custom, policy or practice plaintiff claims exists or how it caused a violation of her Constitutional rights. Accordingly, the Court should dismiss any attempted claim for municipal liability with prejudice.

<u>**CONCLUSION**</u>

For each of the reasons set forth above, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

Respectfully submitted this 7th day of November, 2019.

**WELLS, ANDERSON & RACE, LLC**


By:  *S/Katherine M.L. Pratt*
    Cathy Havener Greer
    Katherine M.L. Pratt
    1700 Broadway, Suite 1020
    Denver, CO 80290
    T: 303-830-1212
    F: 303-830-0898
    Email: cgreer@warllc.com
    Email: kpratt@warllc.com
    ***Counsel for Defendant***

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on this 7th day of November, 2019, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**, was electronically filed with the Clerk of Court using the CM/ECF system, and sent to the Plaintiff via email and U.S. Mail at the address listed below:

   Ethel Susanne Halter
   7200 E. State Highway 14 Lot 5
   Fort Collins, CO 80524
   Email: suehalter@gmail.com
   Email: prosesue@gmail.com

   ***Pro se Plaintiff***

                                              *S/Barbara McCall*
                                              Barbara McCall
                                              Email: bmccall@warllc.com